530349

FILED
HARRISBURG, PA

NOV 06 2009

MARY E. D'ANDREA, CLERK
Per: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,<br><br>Plaintiff<br><br>v.<br><br>CUSTOM BUILDING SYSTEMS, LLC,<br><br>Defendants | DOCKET NO.: 4:09-CV-2178<br><br>CIVIL ACTION<br><br>JUDGE: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Selective Insurance Company of South Carolina, by its attorneys, alleges the following:

I. **The Parties**

1. Plaintiff, Selective Insurance Company of South Carolina ("Selective"), is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 40 Wantage Avenue, Branchville, NJ 07890.

1

2. Defendant, Custom Building Systems, LLC ("CBS") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 200 Custom Avenue, Middleburg, PA 17842.

## II. Jurisdiction and Venue

3. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) and the matter in controversy exceeds the sum of Seventy-Five Thousand dollars ($75,000) exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in this district.

5. Selective brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 *et seq.*

6. An actual, immediate and justifiable controversy exists between the parties named with regards to insurance coverage provided under the terms of an insurance policy ("Policy") issued by Selective to CBS. (A copy of the Policy is attached hereto as Exhibit A and Exhibit B.)

7. Selective seeks a declaration from this Court that Selective does not owe CBS a duty of defense or indemnity under the terms of the Policy with respect

530349

to claims asserted by Kenneth Reaver and Ann Reaver ("underlying plaintiffs") against CBS in a lawsuit filed in the Circuit Court of Harrison County, Mississippi, First Judicial District at docket no.: A2401-09-268 ("underlying lawsuit").

### III. The Underlying Lawsuit

8. The underlying plaintiffs commenced litigation against CBS with the filing a complaint ("underlying complaint"), which is attached hereto as Exhibit C.

9. It is alleged in the underlying complaint that CBS manufactures modular homes.

10. It is also alleged that CBS initially contacted the underlying plaintiffs and gave them the name of Dixon Lee Ashman ("Ashman") as a general contractor who could install / construct the modular home on the underlying plaintiffs' property.

11. According to the underlying complaint, CBS told the underlying plaintiffs that they had investigated Ashman.

12. It is alleged that Ashman was an agent of CBS and had actual or apparent authority to represent CBS in this capacity for the installation / construction of the modular home.

530349

13.     It is further alleged that Ashman was hired by the underlying plaintiffs to act as a general contractor for the installation / construction of the modular home to be located at 23569 Montebella Road, Pass Christian, Mississippi 39571.

14.     The underlying complaint alleges that, on or about June 21, 2006, the underlying plaintiffs entered into a contract with Ashman for the installation/construction of the modular residence for $257,000.

15.     According to the underlying complaint, the contract noted that "[a]ll work [to be] covered with Workman's Comp and Public Liability Insurance, and built beyond the standards of the Southern Standard Building Code."

16.     The underlying complaint further alleges that on or about December 6, 2006, the modular residence manufactured in Pennsylvania by CBS arrived.

17.     According to the underlying complaint, the modular residence was set on December 7th and 8th, 2006 by Safe-ley Contracting, LLC ("SLC").

18.     It is also alleged that on December 21, 2006, the underlying plaintiffs and Ashman agreed to an addition to the contract, which included but was not limited to finishing the attic space for an additional $12,000.

530349

19.     However, it is alleged that the construction continued and the project was ongoing until about April 30, 2007, when Ashman sent a letter to the underlying plaintiffs stating he was leaving their job to start work on a job in Diamondhead.

20.     According to the underlying complaint, thereafter, Ashman refused to return to the residence to perform any corrective actions or to do any remaining work without being paid more money than the amount that was in the original agreement.

21.     The underlying plaintiffs further alleged that they suffered injuries and damages as a result of the actions of Ashman, SLC and CBS, including but not limited to, many defects in the construction of the residence such as improper installation of the roof, improper connection of the modular home to the piers, and the front part of the residence pulling away from the original modular home.

22.     It is further alleged that, in general, the residence "as built" does not conform to the design, drawings and specifications of the building plan.

23.     The underlying complaint asserts the following causes of action against CBS:

      a.     Count I – Negligence / Gross Negligence / Wantonness
      b.     Count II – Professional Liability
      c.     Count III – Breach of Contract / Bad Faith Breach of Contract

530349

      d.      Count IV – Negligent / Fraudulent Misrepresentation

      e.      Count V – Breach of Implied Warranties

24.     After being served with the underlying complaint in the underlying lawsuit, CBS requested that Selective offer a defense and indemnification to it in connection therewith.

25.     Selective timely notified CBS that it was declining coverage in connection with the underlying lawsuit. A copy of Selective's declination letter is attached hereto as Exhibit D.

26.     Thereafter, CBS disagreed with the coverage position asserted by Selective, and CBS continues to disagree with Selective's position.

## IV.   THE POLICY

27.     Selective issued a commercial general liability ("CGL") policy, Policy No. S 1576631, to CBS in Pennsylvania with a policy effective dates of November 1, 2005 to November 1, 2006 (See, Exhibit A) and effective dates of November 1, 2006 to November 1, 2007 (See, Exhibit B).

28.     The CGL provision of the Policy provides, in pertinent part:

      b.      This insurance applies to … "property damage" only if:

      (1) The … "property damage" is caused by an **"occurrence"** …;

530349

(2) The ... "property damage" occurs during the policy period....

(Exhibits A and B, Commercial General Liability Coverage Form.)

29. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Exhibits A and B, Commercial General Liability Coverage Form.)

30. The Exclusion section in the CGL provision of the Policy includes the following:

    a.    Expected or Intended Injury

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b.    Contractual Liability

        "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement....

    j.    Damage To Property

        "Property damage" to:

        ...

        (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

530349

    (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. ….

  k. Damage To Your Product

    "Property damage" to "your product" arising out of it or any part of it.

  l. Damage to Your Work

    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

    This exclusion does not apply if the damaged work out of which the damage arises was performed on your behalf by a subcontractor.

  m. Damage To Impaired Property Or Property Not Physically Injured

    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms…. *

(Exhibits A and B, Commercial General Liability Coverage Form.)

  31. In addition, no "property damage" has occurred and/or the only injuries alleged are those for purely economic loss.

  32. In addition, the claims asserted against CBS are claims for breach of contractual obligations, which are not covered under the Selective policy.

530349

## COUNT I – DECLARATORY RELIEF

33. Selective incorporates herein by reference paragraphs 1 through 35 as if same were fully set forth herein.

34. Selective has no contractual obligation to defend or indemnify CBS under the Policy for the claims asserted against CBS in the underlying lawsuit by the underlying plaintiffs.

35. Coverage under the CGL provision of the Policy is limited to "occurrences" during the policy period.

36. The underlying complaint does not seek damages caused by an "occurrence".

37. Furthermore, the claims set forth in the underlying complaint are excluded from coverage under the exclusionary provisions of the Policy.

WHEREFORE, Selective respectfully requests that this Honorable Court issue a declaratory judgment in its favor by declaring that Selective has no duty to defend or indemnify CBS under the Policy with respect to claims made against CBS by the underlying plaintiffs in the underlying lawsuit.

530349

                                Respectfully Submitted,

                                **DICKIE MCCAMEY**

Date: <u>October 30, 2009</u>      By: _____
                                     Charles E. Haddick, Jr., Esquire
                                     ATTORNEY I.D. NO. 55666
                                     Bryon R. Kaster, Esquire
                                     ATTORNEY I.D. NO. 91707
                                     1200 Camp Hill Bypass, Suite 205
                                     Camp Hill, PA  17011-3700
                                     (717) 731-4800
                                     *Attorneys for Selective Insurance*
                                     *Company of South Carolina.*