IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, Plaintiff, | : : : : | 4:09-CV-2178 |
| v. | : : | Hon. John E. Jones III |
| CUSTOM BUILDING SYSTEMS, LLC, Defendant. | : : | |

**MEMORANDUM**

**July 30, 2010**



**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join Kenneth and Anne Reaver as parties to the above-captioned litigation, filed on November 25, 2009. (Doc. 7). On January 20, 2010, Selective Insurance was added as a defendant in the underlying lawsuit brought by the Reavers in Mississippi state court for the purposes of determining Selective Insurance's coverage of the Defendant under the applicable insurance agreements.

On June 16, 2010, we issued an Order requiring the parties to file objections to this Court's intention to dismiss this action because it was our view that, based on the addition of Selective Insurance as a defendant in the Mississippi action, the

1

simultaneous litigations created the very real possibility of inconsistent adjudications and a potential waste of judicial resources. On July 1, 2010, the Plaintiff filed objections to dismissal. (Docs. 45 and 46). On July 15, 2010, the Defendant filed a brief supporting dismissal and opposing the Plaintiff's objections. Thus this matter is ripe for our disposition.

## I. PROCEDURAL BACKGROUND

On November 6, 2009, Selective Insurance filed a declaratory judgment action against Custom Building Systems, LLC in this Court, seeking a declaration that Selective Insurance does not have an obligation to provide insurance coverage to the Defendant on an underlying claim filed by Kenneth and Anne Reaver in the Mississippi state court.

On November 25, 2009, Defendant filed the Motion to Dismiss the Complaint pursuant to F.R.C.P. 12(b)(7) for failure to join the Reavers as parties in this litigation. The Motion to Dismiss avers that the Reavers are persons required to be joined in this action under F.R.C.P. 19(a)(1). The Defendant alternatively moved the Court to change the venue of this action to the United States District Court for the Southern District of Mississippi. On December 17, 2009, Judge Muir issued an Order denying the Motion to Dismiss or Change Venue.

On December 18, 2009, the Reavers filed a Motion for Leave to Amend their complaint in the Mississippi state action, which was granted on December 21, 2009. The amended complaint filed by the Reavers included a declaratory judgment claim against Selective Insurance for the purpose of determining Selective Insurance's coverage of Custom Building Systems under the insurance agreement. On February 26, 2010, Selective Insurance removed the Mississippi state action to the Southern Division of the District Court in the Southern District of Mississippi. The Reavers have filed a motion to remand the action, which is currently pending before the Mississippi district court.

In response to the events occurring in the Mississippi action, on December 24, 2009, Defendant filed a Motion to Reconsider this Court's Order denying the Motion to Dismiss or Change Venue. Judge Muir granted the Motion for Reconsideration on March 2, 2010 and ordered the Defendants' to re-brief the 12(b)(7) Motion in light of the new developments in Mississippi's law that permits injured parties (here, the Reavers) to participate in litigation of coverage disputes.

Thereafter, on April 1, 2010, this matter was reassigned to the undersigned. After the parties filed briefing on the 12(b)(7) Motion, we issued our June 16, 2010 Order indicating our intent to dismiss this action. As noted above, Selective Insurance filed objections to our intention to dismiss the case. Defendant argues

in favor of dismissal.

## II. FACTUAL BACKGROUND

Defendant is a manufacturer of modular homes. The homes are constructed in several sections, called "boxes," which are then transported to the construction site. At the construction site, the "boxes" are lifted from the carriers by crane and are placed on a foundation that a contractor has constructed at the site. When the "boxes" are placed on the foundation, they are connected. The contractor completes the installation by installing the exterior finish, connecting utilities and completing the interior finishing.

Selective Insurance issued two general commercial liability policies to the Defendant. One policy had an effective date of November 1, 2005 and the second policy had an effective date of November 1, 2006.

On August 11, 2009, the Reavers filed the Mississippi suit against the Custom Building Systems, Dixon Lee Ashman d/b/a Ashman and Son, Safe-Ley Contracting, LLC and John Doe Defendants A-C. The Mississippi complaint avers that the Reavers purchased a modular home from Ashman, the general contractor in charge of the installation and construction of the modular home on a foundation lot located in Pass Christian, Mississippi. Custom Building Systems had manufactured the "boxes" that comprised the home. Safe-Ley Contracting

was the crane operator. The Reavers allege that their home was not constructed properly and have asserted claims of negligence, professional liability, breach of contract, misrepresentation and breach of warranties against the defendants in the Mississippi action.

As noted above, in the action *sub judice* Selective Insurance seeks a declaration that it does not have an obligation to provide coverage to Custom Building Systems with respect to the claims asserted by the Reavers in the Mississippi action.

## III. DISCUSSION

This case was bought by Selective Insurance pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The United States Court of Appeals for the Third Circuit has observed that district courts have discretion when determining whether to hear a declaratory judgment action involving insurance coverage issues. *State Auto Insurance Companies v. Summy*, 234 f. 3d 131 (3d Cir. 2000). The Third Circuit suggests three "relevant considerations" for the district court to weigh in making its determination. They are as follows:

1. A general policy of restraint when the same issues are pending in a state court;

2. An inherent conflict of interest between an insurer's duty to defend

5

in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and

3. Avoidance of duplicative litigation.

*Id.* at 134.

Now that Selective Insurance has been added as a party to the Mississippi action for the purposes of determining its coverage to Custom Building Systems, it is evident that the same issue that is pending here is pending before the Mississippi court as well.[1] If the litigation in this District proceeds, it will clearly be duplicative of the litigation in Mississippi. Additionally, *all* of the affected parties are a part the Mississippi action, including the injured parties themselves, the Reavers. If the litigation were to pursue here, it essentially proceeds in a vacuum, while the Mississippi action is all-inclusive. Further, and as the *Summy* court noted, dismissing this action will "promote judicial economy by avoiding duplicative and piece meal litigation."

Accordingly, after an application of the *Summy* factors, we find that this action must be dismissed. Selective Insurance will suffer no prejudice, inasmuch as it has already been joined as a party to the Mississippi action and can litigate

---

[1] In our view, it is of no moment whether the Mississippi action proceeds in federal or state court.

the insurance coverage issue fully in that forum.

## IV. CONCLUSION

Based on all of the foregoing, we shall grant the Defendant's Motion to Dismiss pursuant to F.R.C.P. 12(b)(7) and close this case. An appropriate Order shall issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | : | 4:09-CV-2178 |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| CUSTOM BUILDING SYSTEMS, LLC, Defendant. | : | |



## ORDER

### July 30, 2010

In accordance with the Memorandum issued on today's date, it is hereby

**ORDERED** that:

1. Defendant's Motion to Dismiss pursuant to F.R.C.P. 12(b)(7) is **GRANTED**.

2. This action is **DISMISSED**.

3. The Clerk shall **TERMINATE** all other pending motions on the docket.

4. The Clerk of Court shall **CLOSE** this case.

　　　　　　　　　　　　　　　　　／s／ John E. Jones III
　　　　　　　　　　　　　　　　　John E. Jones III
　　　　　　　　　　　　　　　　　United States District Judge

1